**CHRYSLER CREIDT CORP. v. CIVIDANES.**
No. 71-14130.
Small Claims Court, Dade County.
March 17, 1972.

William A. Ingraham, Jr., and Paul E. Gifford, both of Miami, for the plaintiff.

Charles M. Demos, Miami, for the defendant.

SIDNEY L. SEGALL, Judge.

Final judgment is rendered for the plaintiff in the sum of $453.57 plus $12.80 costs. The evidence is legally sufficient to establish liability.

The issue herein is governed by the applicable provisions of the Uniform Commercial Code (F. S. §679.9-506 et seq.).

The credible evidence compels a finding that plaintiff has complied with the requirement that the transaction involving the sale of the repossessed vehicle be commercially reasonable.

The uncontroverted testimony of plaintiff's witness with respect to repossession after defendant's default and plaintiff's sale to the highest bidder is entitled to full credibility and probative force.

Defendant has failed to offer any substantial competent evidence to contradict or impeach the evidence presented by plaintiff on the issue of commercial reasonableness of the transaction at the time of sale. Defendant contended that he had a buyer who offered $2,000 for the car at the time of defendant's default on the contract payments. However, the testimony of defendant and his prospective buyer was that the latter wanted to assume the balance of the payments due under the contract. At most, this may have been a proposed "novation" which was never consummated. Under the law a novation requires the consent of the creditor who agrees to accept another party as the principal obligor on the contract.

The so-called N.A.D.A. book value is not competent evidence to prove the fair market value of a particular auto in every case. It may have a persuasive effect but is not legal proof of the current market value at the time of the sale in the geographic location thereof.

It is the court's view that the so-called "black book" value to determine market value may be *persuasive* but is not conclusive proof of the fair market value of the auto in question. However, it is entitled to more probative value and legal weight than the N.A.D.A. value because it is based upon the market of supply and demand in a specific geographical area, and is published every week; it considers such factual elements as the physical condition of the vehicle at the time it is on the market for sale. N.A.D.A. is published only once each month and is general throughout the U.S.A., without any consideration given to the condition of the auto at the time of repossession and before expenses are incurred for reconditioning and repairs in getting a car ready for sale.

On the issue of fair market value defendant did not produce a qualified expert witness competent to give opinion testimony as to the market value of the vehicle at the time of sale.

On the basis of the foregoing findings of fact and principles of law, plaintiff is entitled to recover in the amount above stated, which includes a reasonable attorney's fee.